UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GARLAND E. WILLIAMS                          CIVIL ACTION

VERSUS                                       NO. 16-15866

DEPARTMENT OF CHILDREN AND FAMILY            SECTION "B"(2)
SERVICES STATE OF LOUISIANA, ET AL.

## OPINION

Before the Court are several motions filed by *pro se* Plaintiff Garland Williams, including a "Leave of Affidavit-Writ Motion of Evidence Submittal Request" (Rec. Doc. 16), "Leave of Affidavit Motion on the Oral Decree Order" (Rec. Doc. 17), "Leave of Affidavit-Writ Motions for Summary Judgment/on the Oral Argument Decree" (Rec. Doc. 19), "Leave of Affidavit-Writ Motion of Evidence Submittal Request" (Rec. Doc. 22), "Leave of Affidavit-Writ Motion of Default Judgment Request" (Rec. Doc. 25), and "Leave of Affidavit-Writ Motions for Final Judgment" (Rec. Doc. 26).

Plaintiff filed his complaint on October 25, 2016. Rec. Doc. 1. On October 28, 2016, he issued summonses for each Defendant, the Louisiana Department of Children and Family Services ("DCFS"), Marketa Garner Wlaters (Secretary of the DCFS), and Mandy Pierre (an employee of the DCFS). Rec. Doc. 4. On February 2, 2017, counsel for Defendants filed a motion to enroll, which was promptly granted. Rec. Docs. 23-24. Nonetheless, several of the motions recited above (Rec. Docs. 16, 17, 19, and 22) were filed by Plaintiff before Defendants appeared in the case. Accordingly,

**IT IS ORDERED** that the motions requesting leave to submit evidence into the record (Rec. Docs. 16, 22) are **DISMISSED**. Plaintiff seeks to admit several exhibits, including, for example, an exhibit and witness list; a Taco Bell pay stub; an affidavit of arrearages listing the support that Plaintiff owed to Latayia Johnson from 2009 through 2016; service of process receipts; a 2010 online credit report for Plaintiff; and a 2014 income withholding statement from Wal-Mart. *See* Rec. Doc. 16-2. It is unclear to the Court the purposes for which these documents were submitted; however, those attached to his first motion were filed the same day that Plaintiff filed his "Leave of Affidavit-Writ Motions for Summary Judgment/on the Oral Argument Decree." *See* Rec. Doc. 19. Even assuming that Plaintiff sought to attach these documents in support of his motion for summary judgment or to supplement that motion, his motion for summary judgment is denied without prejudice below.

**IT IS FURTHER ORDERED** that the motion apparently requesting oral argument (Rec. Doc. 17) is **DENIED**. The motion refers to Plaintiff's amended complaint (Rec. Doc. 18), as well as to Plaintiff's motion for summary judgment (Rec. Doc. 19). To the extent the motion requests oral argument on Plaintiff's amended complaint, it is inappropriate; to the extent it requests oral argument on the motion for summary judgment, it is denied.

**IT IS FURTHER ORDERED** that Plaintiff's apparent motion for summary judgment (Rec. Doc. 19) is **DISMISSED WITHOUT PREJUDICE AS PREMATURE.** "Even though the motion is technically timely under [Federal Rule of Civil Procedure] 56, Courts are permitted to dismiss such a motion without prejudice if it is filed before any party answers." *Kuperman v. ICF Int'l*, No. 08-565, 2008 WL 647557, at *1 (E.D. La. Mar. 5, 2008) (citing 10A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2717, at 298-99 (1998)); *see also Gonzalez v. Seal*, No. 09-7707, 2010 WL 1717111, at *2 (E.D. La. Mar. 31, 2010), *report and recommendation adopted,* 2010 WL 1729402 (E.D. La. Apr. 26, 2010). The motion was filed before Defendants appeared in the case, presumably before discovery was exchanged, before a scheduling conference pursuant to Rule 16 has been ordered, and before Defendants answered.

**IT IS FURTHER ORDERED** that the motions for default judgment (Rec. Doc. 25) and for final judgment (Rec. Doc. 26) are **DISMISSED WITHOUT PREJUDICE.** Generally, a plaintiff seeking a default judgment must proceed through two steps. First, the plaintiff must move for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986). Before the clerk may enter a default, the plaintiff must show "by affidavit or otherwise" that the defendant "failed to plead or otherwise defend . . . ." FED. R. CIV. P. 55(a). Second, after a

default has been entered, the plaintiff may move for a default judgment. FED. R. CIV. P. 55(b). However, according to the Fifth Circuit,

> The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.

*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (emphasis added). Consequently, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default" (*Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)) and "the entry of [a] default judgment is committed to the discretion of the district judge" (*Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). Here, a preliminary default has not been entered against Defendants, so entry of a default judgment or final judgment would be premature.

It is incredibly difficult to comprehend Plaintiff's motions. In fact, it is sometimes impossible to understand the relief that Plaintiff is requesting. It appears that many of his motions may have been adapted from a standard form. For example, they consistently cite irrelevant statutes and contain superfluous language. Even though briefs submitted by *pro se* parties will be construed liberally, the Court cannot "invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of

meaningful, albeit imperfect, briefing." *Orrill v. Mortg. Elec. Registration Sys., Inc.*, No. 06-10012, 2010 WL 2696965, at *2 (E.D. La. July 1, 2010) (citations omitted). On that note, Plaintiff is again reminded that "*pro se* litigants, like all other parties, 'must abide by' the rules that govern the federal courts." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, (5th Cir. 2013) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). Further, **the filing of numerous frivolous and unnecessary motions may lead to sanctions**. *See, e.g. United States v. Odeh*, 185 F. App'x 346, 346-47 (5th Cir. 2006) (unpublished) (where a pro se defendant "filed numerous frivolous and unnecessary motions," including motions suggesting that a judge and the court's clerk were deceitful and manipulative, and was consequently ordered to show cause why he should not be sanctioned).

New Orleans, Louisiana, this 9th day of March, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE